**ARROW ELECTRONICS, INC.,**
Plaintiff—Appellant,

v.

**E.ON AG, Defendant—Appellee,**

and

**Wyle Laboratories, Inc., Cross–Claimaint—Appellee,**

v.

**Arrow Electronics, Inc., Cross–Defendant—Appellant.**

Nos. 06–56277, 06–56315.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 5, 2008.

Filed Feb. 28, 2008.

Charles E. Weir, Esq., McDermott Will & Emery, Los Angeles, CA, for Defendant–Appellee.

James M. Sabovich, Esq., Gibson, Dunn & Crutcher LLP, Irvine, CA, for Cross–Claimaint—Appellee.

Kregg A. Koch, Esq., Holland & Knight, LLP, Los Angeles, CA, Laurie Webb Daniel, Esq., Holland & Knight LLP, Atlanta, GA, for Plaintiff–Appellant.

Before: GRABER and BERZON, Circuit Judges, and WILKEN,* District Judge.

### MEMORANDUM **

Arrow Electronics appeals the following

* The Honorable Claudia Wilken, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

decisions of the district court: (1) the dismissal of Arrow's claims against E.ON AG; (2) summary judgment against Arrow on Wyle Labs' cross-claim; and (3) the district court's declaration that Arrow must pay all of the past and future reasonable fees and costs associated with Wyle Labs' defense in two state court toxic tort actions. We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 1331 and 1367. Except as noted below, we affirm the district court's orders for the reasons relied upon by the district court in its comprehensive opinions.

With respect to Arrow's obligation to indemnify Wyle Labs for its defense costs, the district court was entitled to find that past reasonable defense costs all fell within the scope of the parties' indemnity agreement or, in the alternative, that it would be impossible to apportion past defense costs between those that fall within the scope of the indemnity agreement and those that do not. The district court did not err in ordering Arrow to defend Wyle Labs in the pending state court lawsuits. However, the district court erred in finding that Arrow would ultimately be liable for all of Wyle Labs' future reasonable defense costs. Whether these costs are covered by the indemnity agreement and thus may be awarded as damages on Wyle Labs' indemnity claim involves open issues of fact. It is not clear that future defense costs will all fall within the scope of the parties' indemnity agreement or, if they do not, will not be capable of apportionment between covered and uncovered costs. Therefore, the claim for future defense costs is not yet ripe for determination.

For this reason, we vacate the portion of the district court's order requiring Arrow to indemnify Wyle Labs for all of its future defense costs and we remand the case to the district court for further proceedings consistent with this disposition. The dis-

trict court may stay the proceedings in this case pending a resolution of the tort actions or may adopt another procedure for review of Arrow's ultimate liability for future reasonable defense costs incurred by Wyle Labs.

AFFIRMED in part, VACATED AND REMANDED in part. The parties shall bear their own costs on appeal.